We agree with petitioner that the court erred in dismissing the petition (see generally Matter of Prezioso v Prezioso, 79 AD3d 1043, 1043-1044 [2010]). There was no basis for the dismissal of the petition due to “remote” allegations inasmuch as some of respondent’s offending conduct set forth in the petition occurred only 12 days before the petition was filed. Indeed, respondent on appeal does not contend that the petition was properly dismissed on remoteness grounds. There likewise was no basis for the dismissal of the petition as a “delay tactic” on the eve of trial because the court could have proceeded with the hearing scheduled for custody and visitation and considered the petition at a later date.
As an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]), respondent contends that the petition was facially insufficient because it was based on hearsay allegations. That contention is raised for the first time on appeal and thus is not properly before us (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [1994]).
Finally, respondent contends that reversal is not warranted because the petition was dismissed without prejudice, and petitioner is therefore not barred from filing another petition based on the same allegations. We reject that contention. Inasmuch as there was no basis to dismiss the petition in the first instance, the fact that it was dismissed without prejudice is of no moment. To the extent that respondent is thereby chai *1220 lenging the appealability of an order dismissing a petition “without prejudice,” that challenge is lacking in merit (see e.g. Modica v Allstate Ins. Co., 294 AD2d 967 [2002]). Present— Smith, J.E, Peradotto, Lindley, Sconiers and Valentino, JJ.